**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**



| | |
|---|---|
| **CODY PEPPER, TERRI PEPPER, JULIUS BRYANT, KIMBERLY HUDSON, DEMYA JOHNSON,** and **ALLISON POWERS**, individually, and on behalf of all others similarly situated, | : : : : : : |
| *Plaintiffs,* | : |
| v. | : : : |
| **LEAD SCIENCE, LLC,** | : : |
| Non-Party Subpoena Recipient. | |

**1:24 MC 0003**

Misc. Case No. _____

**JUDGE FLEMING**

| | |
|---|---|
| **CODY PEPPER, TERRI PEPPER, JULIUS BRYANT, KIMBERLY HUDSON, DEMYA JOHNSON,** and **ALLISON POWERS**, individually, and on behalf of all others similarly situated, | Underlying Action Pending in the U.S. District Court for the Southern District of New York |
| *Plaintiffs,* | |
| v. | Case No. 1:21-cv-6581 |
| **FLUENT, INC. and REWARD ZONE USA, LLC,** | |
| Defendants. | |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM.

Plaintiffs Cody Pepper, Terri Pepper, Julius Bryant, Kimberly Hudson, DeMya Johnson,

and Allison Powers ("Plaintiffs") move under Federal Rule of Civil Procedure 45(d) and (g), for

an order compelling Lead Science, LLC ("Lead Science") to produce documents responsive to the

subpoena in connection with *Pepper et al. v. Fluent et al.*, Civil Action No. 1:21-cv-6581, pending in the United States District Court for the Southern District of New York (the "Litigation").

Plaintiffs issued a subpoena under Rule 45 asking Lead Science to produce documents related to text messaging campaigns benefiting Defendants Fluent, Inc. and RewardZone, USA, LLC ("Defendants"). *See* Declaration of Max S. Morgan, Esq. ("Morgan Decl."), Ex. A. The Plaintiffs received unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA") and related state statutes. These text messages included links that when clicked drove the Plaintiffs to Defendants' websites. The Defendants allege that they do not know which of their publishers sent the text messages at issue in the Litigation. Through the subpoena to Lead Science, Plaintiffs seek to identify the publisher(s) that sent the text messages at issue and obtain call detail records to identify class members and meet Plaintiffs' burdens under Fed R. Civ. P. 23 in the Litigation. In short, the subpoena seeks integral information to the Litigation that the Defendants do not have in their possession and can only be obtained from third-party vendors, such as Lead Science.

Lead Science responded with a series of objections but agreed to produce: (1) "the content of the text messages it sent to the named Plaintiffs' telephone numbers on behalf of [Defendants] on the dates provided in the Request" and "call detail logs for calls made to the named Plaintiffs' telephone numbers on behalf of [Defendants] on the dates provided in the Request." *See* Morgan Decl. Ex. B. Lead Science then did an about face and is now refusing to produce *any documents*, including the documents Lead Science previously agreed to produce. Plaintiffs and Lead Science held multiple meet-and-confers but are at an impasse that requires judicial intervention.

## Background

This matter stems from a class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* The gist of the complaint in the underlying Litigation is that Plaintiffs and class members received unsolicited text messages designed to drive traffic to Defendants websites under the false pretense that the message recipient could win a prize or reward. *See* Morgan Decl., Ex. C. Defendants run "lead farm" websites that convert consumers that arrive at their websites into leads that Defendants can sell to third parties. Defendants rely on third-party "publishers" to drive traffic to their websites. Plaintiffs allege that these third-party "publishers" are responsible for the unsolicited text messages they received. Each of the text messages include links that when clicked ultimately lead to Defendants' websites. *See generally, id.* Defendants have represented to Plaintiffs that they do not know which of its publishers sent the text messages at issue in the Litigation.

Plaintiffs have issued a subpoena under Rule 45 asking Lead Science to produce documents related to text messaging campaigns benefiting Defendants. Through the subpoena, Plaintiffs seek to identify the publisher(s) that sent the text messages at issue and obtain call detail records to identify class members and meet Plaintiffs' burden under Fed R. Civ. P. 23. In short, the subpoena seeks integral information to the Litigation that the Defendants represent they do not have and can only be obtained from third parties, such as Lead Science, if Lead Science was responsible for sending some or all of the text messages (either on their own behalf or on behalf of the publishers that remain unidentified) at issue in the Litigation.

On November 23, 2023, Lead Science responded with a series of objections but agreed to produce: (1) "the content of the text messages it sent to the named Plaintiffs' telephone numbers on behalf of [Defendants] on the dates provided in the Request" and "call detail logs for calls made

to the named Plaintiffs' telephone numbers on behalf of [Defendants] on the dates provided in the Request." *See* Morgan Decl., Ex. B.  On November 27, 2023, Counsel for Plaintiffs and Counsel for Lead Science held a teleconference regarding the subpoena response and lack of production. Counsel for Lead Science advised that Lead Science would produce the referenced documents on November 29, 2023.  *Id.* at ¶ 5.  Lead Science failed to produce documents as agreed. *Id.* at ¶ 6, Ex. D.

On November 30, 2023, Plaintiffs wrote the Lead Science and requested an update regarding the agreed upon production.  *Id.* at Ex. D. That same day, Lead Science advised that it was still working to produce the documents.  Plaintiffs and Lead Science held a follow-up meet and confer on December 5, 2023.  During the call, Lead Science advised it unilaterally limited its search to "Fluent projects only."  Plaintiffs advised that the messages were sent by third parties, not Fluent, and a search limited to Fluent would likely yield no results.  *Id.*  Plaintiffs requested that Lead Science perform a search for text messages sent to Plaintiffs' telephone numbers during 2020-2021 (whether for Defendants or any other persons).  *Id.*

On December 21, 2023, Plaintiffs and Lead Science had another teleconference.  Lead Science agreed to inform Plaintiffs by December 29, 2023 whether or not it would perform a search for any text messages sent to the target telephone numbers of Plaintiffs.  *Id.* Such a search would reveal whether or not Lead Science is in possession of any relevant information to the Litigation. On December 29, 2023 Lead Science advised Plaintiffs that it would not perform a search to determine whether or not it has any records of text messages to the Plaintiffs' telephone numbers. *Id.*

## Argument

I.      **Plaintiffs have Requested Relevant Information that Must be Obtained from Lead Science**

In order for Plaintiffs to compel information from a third party under Fed. R. Civ. P. 45 they must seek information that is relevant. *See Culbreath v. Griffin*, No. 17-CV-3406, 2018 U.S. Dist. LEXIS 242824, 2018 WL 11299396, at *3 (S.D.N.Y. Mar. 1, 2018) (discussing two-step analytical framework governing motions to compel, including (1) the movant's burden to show relevance and, if met, (2) the resisting party's burden to show undue expense or burden). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Cuomo v. N.Y. State Assembly Judiciary Comm.*, No. 22-MC-3027, 2023 U.S. Dist. LEXIS 126153, at *36-37 (E.D.N.Y. July 21, 2023).

Requesting copies of text messages and a list of persons that were the recipients of telemarketing calls or text messages is a standard practice in TCPA class litigation. "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class). Such information is relevant because it relates to issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, ascertainability, commonality, and predominance. For these reasons, production of call/text lists are routinely ordered in courts across the country. *See, e.g., Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, at *21 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the

putative class members, because . . . such information is relevant both to the merits of Plaintiff's claims and to the numerosity and commonality requirements in Rule 23, Fed.R.Civ.P."); *O'Shea v. Am. Solar Sol., Inc.,* No. 14CV894-L (RBB), 2016 WL 701215 (S.D. Cal. Feb. 18, 2016) (granting plaintiff's request for outbound dial list because the "information is relevant to both class certification and to the merits of the case"); *Cahill v. GC Servs. Ltd. P'ship*, No. 317CV01308GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) (compelling production of call list); *Gossett v. CMRE Fin. Servs.*, Case No. 15cv803 MMA (NLS), 2015 WL 6736883, at *3 (S.D. Cal. Oct. 30, 2015) (granting a motion to compel responses to requests for production of outbound call lists, as such lists were "relevant to the class claims and meritorious claims and defenses in this case"); *see also, e.g., Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 at *8-*12 (N.D. Ill. June 13, 2011) (granting plaintiffs' requests for a call list); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 503-504 (N.D. Ill. 2009) (Nolan, J.) (granting plaintiffs' request for defendant's call logs); *Whiteamire Clinic, P.A. v. Quill Corp.,* 2013 WL 5348377, at *2 (N.D. Ill. 2013) (granting plaintiff's request for call list; "the information plaintiff seeks…is clearly relevant to class discovery; specifically to the issues of numerosity, commonality, and typicality")[1]

---

[1] *See also Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *4 (N.D. Tex. Jan. 21, 2022) ("District Courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Thomas v. Fin. Corp. of Am.*, No. 3:19-cv-152-E-BK, 2019 WL 5157022, at *2 (N.D. Tex. Oct. 10, 2019) (finding information regarding call lists and call data in putative TCPA class action was relevant and proportional to class certification issues such as numerosity, commonality, and typicality); *Warren v. Credit Pros Int'l Corp., No.* 3:20-cv-763-TJC-MCR, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc., No.* 5:19-cv-2456-FMO-SP, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action "entitled to some class-wide discovery" at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank*, No. 3:16-cv-1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil

Plaintiffs properly issued and served the subpoena on Lead Science. There is no dispute that the information sought is relevant to Plaintiffs' claims in the Litigation.  Lead Science first agreed to provide the relevant documents, but then did an about face and is attempting to limit its response in such a way so it does not have to produce *any* documents.  Lead Science should be compelled*, at a minimum*, to first determine if it is in possession of any records of text messages to any of the Plaintiffs' telephone numbers.  If Lead Science performs this simple, non-burdensome search, and does not have any records, that ends the entire inquiry.  Lead Science refuses to do so – which likely means Lead Science *knows* it *does* have relevant information – as it alluded to previously in its response. *See* Morgan Decl. Ex. B.

Lead Science previously represented that it could perform the type of search Plaintiff seeks and represented that it *actually did* so with respect to "Fluent" projects. *See id.* at Ex. D.  If Lead Science *is* in possession of the text message records Plaintiffs seek, then Lead Science should produce these records.  Lead Science may hold key documentary evidence that Plaintiffs cannot obtain from any other source that is relevant to the issues of class certification and Defendants' liability.

## II.      If the Motion is not Granted, this Action Should be Transferred to the Southern District of New York.

For the reasons explained above, the information sought is critical to the prosecution of the Litigation. As such, this Motion should be granted.  However, if the Court does not grant the Motion, the Court should transfer this matter to the Southern District of New York Court overseeing the litigation.

Under Fed. R. Civ. P. 45(a)(2), as amended in 2013, all subpoenas are issued "from the

---

Procedure 23(a) and are therefore discoverable."); *Ossola v. Am. Express Co.,* 2015 WL 5158712, at *7 (N.D. Ill. 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.")

court where the action is pending." However, if a motion to compel is necessary, the motion must

be made in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i).

*See also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court

where the discovery is or will be taken."). The compliance court may then transfer the motion to

the issuing court.  *See* Fed. R. Civ. P. 45(f).

Indeed, Federal Rule of Civil Procedure 45(f) expressly provides for transfers of subpoena

related actions from the compliance court to the issuing court if the compliance court finds

exceptional circumstances:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION.
> When the court where compliance is required did not issue the
> subpoena, it may transfer a motion under this rule to the issuing
> court if the person subject to the subpoena consents or if the court
> finds exceptional circumstances. Then, if the attorney for a person
> subject to a subpoena is authorized to practice in the court where
> the motion was made, the attorney may file papers and appear on
> the motion as an officer of the issuing court. To enforce its order,
> the issuing court may transfer the order to the court where the
> motion was made.

The Southern District of New York has made rulings on discovery in the Litigation and has

managed discovery in the case since it has been pending, which supports a transfer:

> The undersigned finds that transferring Motion to Compel to the
> Northern District of Georgia pursuant to Rule 45(f) is appropriate.
> That court is in a much better position to assess the scope of
> appropriate discovery, whether any burden of responding is undue,
> and whether Arclin should be required to rely on party discovery
> prior to seeking documents from Hexion. Judge Michael L. Brown
> of the Northern District of Georgia has presided over the Georgia
> litigation for eight months, has already made extensive findings of
> fact as part of the preliminary injunction proceedings, and has
> adjudicated previous discovery disputes. *See* N.D. Ga. Case No.
> 1:20-cv-01197-MLB, ECF No. 44 (minute entry for teleconference
> regarding issues with discovery and depositions). Moreover, there
> are multiple additional discovery disputes in this case currently
> pending before Judge Brown. *See id.*, ECF Nos. 192, 202, 206.)
> Judicial economy will be best served by having all of these

discovery disputes resolved by the same Court. *See also FTC v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 U.S. Dist. LEXIS 172472, 2013 WL 6388539, *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

*Arclin USA, LLC v. Vits Tech. GmBH*, No. 2:20-mc-48, 2020 U.S. Dist. LEXIS 220745, at *5-7 (S.D. Ohio Nov. 24, 2020).  Given this involvement by the Southern District of New York, with past discovery disputes and current discovery disputes, Plaintiffs respectfully submits that transfer of this action to the Southern District of New York if the motion is not granted will serve judicial economy, comity between federal courts and will lessen the burden on the parties.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully submit the motion be granted. Alternatively, they request that this action be transferred to the Southern District of New York.

Respectfully Submitted,

*/s/ Brian D. Flick*
Brian D. Flick (OH #0081605)
DannLaw
15000 Madison Avenue
Cleveland, OH 44107
Phone: (216) 373-0539
Fax: (216) 373-0536
notices@dannlaw.com

Max S. Morgan
PA Attorney ID: 316096
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiffs and the Proposed Class*